# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A., A
NATIONAL BANKING ASSOCIATION,
Appellant,
vs.
FRANCIS FECTEAU,
Respondent.

No. 70527

FILED

NOV 1 6 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand for further proceedings.

The record demonstrates that appellant Bank of America's agent tendered $855 to the HOA's agent, which undisputedly represented 9 months of assessments. *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2) [(2011)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018).

Respondent contends that the HOA agent's belief that collection costs were part of the superpriority portion of the lien constituted a good-faith basis for rejecting the tender. Even if such a belief would provide a

18-904638

good-faith basis to reject the tender, the record contains no evidence indicating why the tender was rejected. *See Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court*, 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014) (recognizing that "[a]rguments of counsel are not evidence and do not establish the facts of the case" (internal quotation and alteration omitted)). Additionally, although respondent contends that (1) Bank of America's tender was ineffective because it imposed conditions, (2) Bank of America needed to record evidence of the tender, and (3) respondent's predecessor is protected as a bona fide purchaser, we recently rejected similar arguments.[1] *Bank of America*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-121. Accordingly, respondent took title to the property subject to Bank of America's deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , J.
Pickering

_____ J.
Gibbons

_____ , J.
Hardesty

---

[1]Respondent has not identified any condition that Bank of America was not legally entitled to impose. We are not persuaded by respondent's suggestion that the letter accompanying the check contained conditions purporting to absolve Bank of America of any future liability that it may have to the HOA. The letter refers to "the facts stated herein," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which Bank of America might again need to cure a default to avoid foreclosure.

cc: Hon. Joseph Hardy, Jr., District Judge
Akerman LLP/Las Vegas
Hong & Hong
Eighth District Court Clerk